# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN RAY MORELAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 13-CV-727-JED-PJC |
| | ) |
| E. SCOTT PRUITT, | ) |
| Oklahoma Attorney General, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner appears *pro se*. When Petitioner prepared and mailed his petition for filing, he was in state custody. *See* Doc. 1 at 1. However, based on information found on the website maintained by the Oklahoma Department of Corrections (DOC), *see* www.ok.gov/doc/, Petitioner discharged his sentence on November 6, 2013, the same day the Clerk of Court received and filed the petition. Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Doc. 7). Petitioner did not file a response to the motion to dismiss. As discussed below, the petition is a "mixed petition" and is subject to being dismissed without prejudice. However, Petitioner will be afforded the opportunity to file an amended petition to delete his unexhausted claims and proceed with only the exhausted claims.

## *BACKGROUND*

On September 29, 2011, in Osage County District Court, Case No. CF-2010-339, Petitioner was convicted by a jury of Sexual Battery (Count III), After Former Conviction or Two or More Felonies. He was acquitted of Rape by Instrumentation (Count I), and Lewd Molestation (Count II). On November 18, 2011, the trial judge sentenced Petitioner, in accordance with the jury's

recommendation to four (4) years imprisonment, and assessed court costs and fees and incarceration costs, totaling $10,526.06. Petitioner was represented at trial by attorney Glenn Davis.

Petitioner filed a timely direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Katrina Conrad-Legler, Petitioner raised the following propositions of error:

> Proposition 1: The State's evidence was insufficient to establish a sexual battery and Mr. Moreland's conviction must be reversed with instructions to dismiss.
>
> Proposition 2: Mr. Moreland's right to a fair and impartial trial was violated when, after the jury had returned hopelessly deadlocked several times, the trial court failed to declare a mistrial.
>
> Proposition 3: Prosecutorial misconduct deprived Mr. Moreland of a fair trial as guaranteed by the United States and Oklahoma Constitutions.
>
> Proposition 4: Mr. Moreland was denied effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution and Article II, Sections 6, 7, and 20 of the Oklahoma Constitution.
>
> Proposition 5: The assessment of court costs and fees in Counts I and II is excessive and violate[s] the tenets of Double Jeopardy and Double Punishment.
>
> Proposition 6: Mr. Moreland's sentence is excessive.
>
> Proposition 7: The cumulative effect of all the error addressed above deprived Mr. Moreland of a fair trial.

(Doc. 8-1). On November 6, 2012, in Case No. F-2011-1055, the OCCA filed an unpublished summary opinion affirming Petitioner's Judgment and Sentence. (Doc. 8-2). The OCCA also denied Petitioner's motion for evidentiary hearing under Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*. *See id.* Petitioner did not file a petition for writ of *certiorari* to the United States Supreme Court nor did he seek post-conviction relief in the Oklahoma state courts.

Petitioner filed his petition for writ of habeas corpus on November 6, 2013. (Doc. 1). In his petition, he identifies four (4) propositions of error, summarized by the Court as follows:

Ground 1:   Jurisdictional defect resulting from the trial court's failure to hold a hearing on his pro se motion.

Ground 2:   The prosecutor was not sworn in and therefore was unable to try case as he was without authority to do so. Rex Duncan, Acting Osage County District Attorney, was deployed to Afghanistan. Mike Fisher, a Tulsa County employee, performed his function for him without being sworn in by Governor Mary Fallin.

Ground 3:   Ineffective assistance of counsel and appellate counsel. Appellate counsel failed to raise claims of ineffective assistance against all attorneys involved in his criminal case, including Bo Estes and Rod Ramsey.

Ground 4:   Failure of OCCA to remand for evidentiary hearing denied due process and fair review. Petitioner sought introduction of cell phone records to provide "complete defense."

(Doc. 1). In a typewritten attachment to his petition, Petitioner raises additional claims of ineffective assistance of appellate counsel, as follows: (1) failure to challenge sufficiency of the evidence with regard to sexual battery, (2) failure to challenge prosecutorial misconduct resulting in undermining of Petitioner's alibi defense, attacking credibility of defense witness, confusion of relevant time frames, admission of improper prior felony conviction, admission of an evidentiary harpoon, and invocation of sympathy for victims, (3) failure to raise claims of ineffective assistance of trial counsel for failure to file notice of Petitioner's alibi defense, failure to object to jury instructions, failure to request jury instructions, failure to file a motion in limine with regard to Petitioner's prior felony convictions, failure to object to second stage jury forms, (4) failure to raise a double jeopardy claim based on the State's filing of charges in Tulsa County then transferring only specific charges to Osage County for prosecution, (5) failure to follow proper procedures to challenge Petitioner's excessive sentence, (6) failure to raise a claim of cumulative error based on "these new errors," (7)

3

failure to challenge the OCCA's denial of Petitioner's motion for evidentiary hearing, and (8) failure to raise claim regarding prosecutor's lack of authority to try Petitioner's case. *Id.* at 14-21. Petitioner acknowledges that Grounds 1, 2, and 3 were not raised on direct appeal. *Id.* at 5, 6, and 8. He incorrectly asserts that Ground 4 was raised on direct appeal. *Id.* at 9. Petitioner attributes the direct appeal omissions to being unaware of the claims and states his belief that this habeas action presents the first opportunity to raise the claims. *Id.* at 6, 8. Lastly, Petitioner attaches both his direct appeal brief and the OCCA's summary opinion to his petition. *Id.* at 23-68. In the brief in support of the motion to dismiss, Respondent asserts that the petition contains numerous unexhausted claims and should be dismissed. *See* Doc. 8.

## *ANALYSIS*

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b). The exhaustion requirement is based on the doctrine of comity. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement

4

dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

The burden of proving exhaustion rests with the prisoner. *See Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993). An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on the petitioner's claims. *Coleman*, 501 U.S. at 731-32. If an applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted); *accord Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997); *see also Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

In the brief in support of the motion to dismiss, Respondent states that "Petitioner has attached his direct appeal brief to his habeas petition and appears to raise all of the issues he raised on direct appeal, in addition to all of the unexhausted issues set forth above." *See* Doc. 8 at 3. In his petition, Petitioner never references or cites to the direct appeal brief attached to his petition. Nonetheless, the Court will, in an abundance of caution, proceed with the assumption that Petitioner

intends to raise his direct appeal claims in this habeas action. If Petitioner intends to raise his direct appeal claims, then this petition is, at best, a "mixed petition," containing both exhausted and unexhausted claims. Petitioner's only exhausted claims are those claims raised on direct appeal to the OCCA. All four (4) claims identified in the petition, including the ineffective assistance of appellate counsel claims identified in the typewritten attachment, are unexhausted. Petitioner has an available remedy for his unexhausted claims: an application for post-conviction relief. Therefore, unless an exception to the exhaustion doctrine exists, this "mixed petition" is subject to being dismissed without prejudice. *Lundy*, 455 U.S. at 522 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

In this case, no exception to the exhaustion doctrine applies. Significantly, Petitioner has not previously sought post-conviction relief. Because Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise many of his claims on direct appeal, it is not clear that the state courts would impose a procedural bar on the petitioner's unexhausted claims were he to return to state court. Thus, it may not be futile to require Petitioner to raise his unexhausted claims in an application for post-conviction relief.

The enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of *Lundy*, but at the same time imposing a 1-year statute of limitations on the filing of federal petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275. Petitioner filed his

6

petition for writ of habeas corpus prior to expiration of the 1-year limitations period. However, because the pendency of this federal action does not serve to toll the limitations period, *see Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (holding that the statute of limitations is not tolled during the pendency of a federal petition), if the Court were to dismiss this petition, Petitioner may be precluded from returning to federal court after exhausting his claim by the § 2244(d) limitations period.[1]

As stated above, Petitioner did not file a response to the motion to dismiss. Although the Court has discretion to stay this matter while Petitioner returns to state court to exhaust his claims, *Rhines*, 544 U.S. at 276, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Petitioner offers no explanation for his failure to exhaust all of his claims before filing his petition. Furthermore, nothing in the record suggests that Petitioner can demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his petition. For that reason, the Court declines to stay this action.

---

[1] Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on February 4, 2013, or 90 days after the OCCA affirmed his conviction on direct appeal on November 6, 2012, when the period for seeking certiorari review in the United States Supreme Court had lapsed. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on February 5, 2013, and his deadline for filing a timely petition for writ of habeas corpus was February 5, 2014. *See United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The petition in this case was filed on November 6, 2013, approximately three months before the deadline. However, the deadline has now passed. As a result, if this Court were to dismiss this petition, any effort by Petitioner to return to federal court after exhausting state remedies may be time-barred because the one-year limitations period has expired during the pendency of this action.

Although a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to file an amended petition to delete the unexhausted claims and proceed with only the exhausted claims. *See Rhines*, 544 U.S. at 278. Therefore, if Petitioner wishes to proceed at this time with only his exhausted claims, i.e., those claims raised on direct appeal to the OCCA, he may, within twenty-one (21) days of the entry of this Order, file an amended petition raising only his exhausted claims and deleting his unexhausted claims. To be clear, the unexhausted claims are those raised in grounds 1, 2, 3, and 4, and include the ineffective assistance of appellate counsel claims identified in the typewritten attachment to the petition. If Petitioner fails to file an amended petition within twenty-one (21) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

2. Within twenty-one (21) days of the entry of this Order, or on or before **June 20, 2014**, Petitioner may file an amended petition containing only exhausted claims and deleting the unexhausted claims, as identified herein. If Petitioner files an amended petition deleting his unexhausted claims, Respondent's motion to dismiss will be declared moot.

3. Should Petitioner fail to file an amended petition by the deadline established above, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies.

4.  The Clerk is directed to send Petitioner a blank petition for writ of habeas corpus (form AO-241), marked "Amended" and identified as Case No. 13-CV-727-JED-PJC.

    ORDERED THIS 30th day of May, 2014.

    JOHN E. DOWDELL
    UNITED STATES DISTRICT JUDGE